IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PATRICIA THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-459-CV-W-NKL |
| ) | |
| MO JACKSON COUNTY, et. al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Pending before the Court is a Motion to Dismiss [Doc. # 19] filed by the State of Missouri, the Jackson County Circuit Court and all judges of the Jackson County Circuit Court ("Missouri Defendants"). Because the Court cannot exercise jurisdiction over Patricia Thomas's claims, due to insufficient service of process, the Missouri Defendants' Motion to Dismiss is GRANTED. Thomas's Motion for Default Judgment [Doc. # 17] is DENIED.

**I.    FACTS AS ALLEGED BY PLAINTIFF**

On May 31, 2006, Thomas, a 54-year-old black female, resigned from her position as Judicial Administrative Assistant for the Senior Judges of the Circuit Court of Jackson County, Missouri. (Compl. ¶ 5). Thomas alleges that she was forced to resign because Judge J.D. Williamson abruptly demoted her to a job normally assigned to junior clerks

1

and replaced her with a white woman. *Id.* Thomas alleges that Williamson harassed her after she was replaced. *Id.* Thomas has produced a letter signed by seven senior judges attesting to her "excellent and efficient" work between August, 2003 and October, 2005. (Compl. Ex. 1).

The Missouri Defendants seek to dismiss Thomas's claim for insufficient service of process; failure to file timely notices with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Human Rights Commission ("MHRC"); Eleventh Amendment immunity; and, various defects in naming proper defendants.

## II. DISCUSSION

Under Fed. R. Civ. P. 12(b)(5), the court must dismiss an action for insufficient service of process. Service upon a state or governmental entity subject to suit "shall be effected by delivering a copy of the summons and of the complaint" to "the chief executive officer" in the case of any governmental entity. Fed. R. Civ. P. 4(j)(2); Mo. Sup. Ct. R. 54.13(b)(4). Thomas has only presented evidence that she mailed, via certified mail, a copy of her summons and complaint to the Jackson County Circuit Court and the Missouri Attorney General's Office. Service by mail is insufficient. Instead, Thomas was required to personally deliver her complaint to the proper chief executive officer. Service of process is, therefore, defective and Thomas's claims against the Missouri Defendants are dismissed.

In the absence of service of process (or waiver of service by the defendant), a court may not exercise power over a party the complaint names as defendant. *See Brown v. Fisher*, 2007 U.S. App. LEXIS 24258 (10th Cir. 2007). Because Thomas did not

2

Case 4:07-cv-00459-NKL   Document 30   Filed 01/30/08   Page 2 of 3

properly serve the Missouri Defendants, their Motion to Dismiss is GRANTED without prejudice. Because the Court may not exercise power over the Missouri Defendants, Thomas's Motion for Default Judgment is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: January 30, 2008
Jefferson City, Missouri